THE HOWE MACHINE COMPANY plaintiff in error, *vs.* C. C. SOUDER, defendant in error.

1. When a libelous publication does not name the person referred to, but describes him in respect to his former occupation and conduct and size, the opinion of a witness, who testified that he thought that the plaintiff was referred to, and who gave the facts on which his opinion rested, is admissible as evidence. The fact that a reader of

The Howe Machine Company *vs.* Souder.

the libel thought that it referred to plaintiff, was injurious to him, and the more people who thought so when they read it, the more he was injured by it; the evidence, therefore, especially if supported by reasons for the opinion, was admissible, not only to designate the plaintiff as the party slandered, but in aggravation of the damages.

2. In the absence of a plea of justification, or other plea assailing the character of the plaintiff, or putting it in issue, evidence reflecting upon the character of the plaintiff should be excluded.

3. It is the duty of the plaintiff in error to see that the whole record is brought to this court; and when the brief of the evidence is agreed to upon condition that an issue, verdict, and judgment thereon, shall be embraced in the brief of the evidence, and it is merely stated that on an issue tried by a jury in the pending case, a verdict was found that a certain person was agent of the plaintiff in error, such verdict, neither the issue nor the verdict thereon being set out in full, will be construed most strongly against the plaintiff in error, and will be held to mean that the jury found him to be the agent of the plaintiff in error in respect to all matters connected with the case.

4. The conduct of this agent in taking charge of the libelous advertisement, in ordering a change to be made therein, and in promising to pay therefor when he received funds of the company charged with publishing the libel, though such conduct transpired after the original publication and the commencement of the suit, is admissible in evidence as an admission by a duly authorized agent for the company, in the course of his business, that it authorized the publication, and on such testimony the company was properly held responsible for the tort.

5. A corporation may make a libelous publication; in doing so it must act through an agent, for it cannot act otherwise; and if there be proof that an agent, within the scope of his authority, caused the publication to be made, or acting within the scope of his authority, ratified it after it was made; and if there was evidence that the publication referred to the plaintiff, a verdict for the plaintiff is contrary neither to the law nor to the evidence; and though there may be immaterial errors in the charge of the court, or in his rulings upon the evidence, this court will not control the discretion of the presiding judge in refusing to grant a new trial, the verdict being legal, the damages not excessive, and the evidence sufficient to sustain the verdict.

Libel. Evidence. Practice in the Supreme Court. Corporations. Principal and Agents. Before Judge CRAWFORD. Muscogee Superior Court. May Term, 1876.

Reported in the opinion.

HILLIARD & RUSSELL, for plaintiff in error.

BLANDFORD & GARRARD; J. F. POU; W. F. WILLIAMS, for defendant.

JACKSON, Judge.

Souder sued the Howe Machine Company on the following publication, which appeared in the Columbus *Inquirer* of August 7th, 1874:

"IMPORTANT ANNOUNCEMENT.—Having had in our employ an agent that we have discovered to be simply a diminutively insignificant and contemptuously unreliable, indolent and dishonest fellow, through whom an impression has become current that we are about discontinuing our business in Columbus, we desire to say that, notwithstanding any and all such representations that may be or may have been made, we are determined to make our machine more prominently known than ever."

Defendant pleaded the general issue.

On the trial of the case, the jury found for the plaintiff $1,500.00; the defendant moved for a new trial on various grounds; the court below overruled the motion; defendant excepted, and the refusal to grant the new trial is the error complained of.

The plaintiff proved by Reeves, who had been the agent of the company before Souder came to Columbus, that he was directed by the company to turn over the effects to Souder as his successor, and that he did so. The company was situated in New York, its business was to sell sewing machines, it had a distributing office for the south in Atlanta; Scarrett was the agent in Atlanta; he saw the publication in the *Inquirer* in respect to Souder. Souder had been discharged and witness had again taken charge in his place; he thought the advertisement referred to Souder, because he was the last accredited agent of the company in Columbus. They knew nothing of the Howe Machine Company beyond Atlanta; acted and communicated through that office; received his appointment through the Atlanta office, as did Souder;

knew that Jones was an agent of the company. Souder was a small man, and said he had telegraphed to Atlanta that the Howe Machine Company, was about closed up in Columbus. This telegram was sent to Bell, and published in the *Herald.* Bell was in a great controversy with Scarrett about the relative merits of the "Howe" and the "Domestic;" witness thought, therefore, that the libel referred to Souder.

Witness was interrogated about the character of Souder, but the court rejected the evidence.

Howell testified that a man by the name of Jones, representing himself as the agent of the Howe Machine Company, came to the *Inquirer* office and had the advertisement of 7th of August changed.

Clark swore that Jones said he was sorry he could not pay a draft for the libel advertisement then, as he had no money of the company, but would pay it out of the first he got from the company.

The verdict and judgment of a former jury finding upon an issue made, that Jones was an agent of the Howe Machine Company, was put in evidence by the plaintiff.

It appeared from the books of the *Inquirer* office, that the advertisement sued on as a libel was charged to the Howe Machine Company. The grounds for the new trial insisted upon before us, when analyzed, may be reduced to four or five, although in the record they are twenty in number.

1. The first that we shall mention is the admission by the court of the opinion of Reeves, that he thought the libelous advertisement referred to Souder. We think this evidence ought to have been admitted. Reeves gave his reasons for so thinking, and his opinion on such a subject, with the reasons therefor, is evidence to be considered by the jury. Its weight is to be determined by them in view of the reasons given. Certainly it is admissible to aggravate damages. The more people who, upon reading an advertisement, think that it refers to a certain man, though he be not named in the libel, the more does the publication injure that man.

With the reasons for the opinion superadded, we are at a loss to see why it was not admissable.

2. The second ground pressed upon us, is that the court refused to hear testimony attacking the character of the plaintiff. There was no plea in justification of the defendant, or otherwise assailing the character of the plaintiff; and in the absence of such plea there was no error in rejecting this testimony.

3. 4. Again, it is said that the court erred in admitting testimony that Jones, as agent of the company, on the 11th of December, after the suit was commenced, changed the advertisement of the 7th of August, and regretted that he could not pay for it then, or give a draft for it, or part of it, but promised to pay for it so soon as he received funds of the company. It will be observed that it is in evidence that in this very case, a former jury, on an issue made, found a verdict that Jones was the agent of the company. It is not set out in the record upon what that issue was joined, whether upon a plea to the jurisdiction or otherwise. It is the duty of the plaintiff in error to show the whole record, more especially when the brief of evidence is agreed upón on condition that such is done, as is the case here. There being no evidence in the record narrowing the issue on which the jury found that Jones was the agent of this company, it must be taken more strongly against the company, and it must be held that such verdict found that he was the agent of this company in this case, to all intents and purposes connected therewith. In this view, it being established that he was the company's agent, the company is bound by his acts and conduct about this case; and therefore his direction about changing the libelous advertisement, and paying for it, or any part thereof, will bind the company, though this conduct of his transpired after the suit was begun. If the company had then paid for the advertisement, or changed, or taken control of it, or promised to pay for it, it would have shown that they had authorized it; at least, it would have been legal evidence to show it. Acting

through their agent, Jones, the company did this, and as it can act only through agents, and Jones was proved to be its agent on the issue in this very case, his conduct was evidence to show that it authorized the publication.

It does not matter when a party or its agent admits a thing to be true, even if it be on the day of the trial; so it be admitted, it may go to the jury as evidence; and an admission may be made by conduct as well as by words, as in this case by changing the advertisement and promising to pay for it.

5. But the main question in the case is, whether the verdict is sustained by the law and the evidence. Here is a publication reflecting injuriously upon the character of a former agent of this company; its ear-marks show, in the opinion of those competent to know, and who give their reasons for it, that it referred to the plaintiff; it is a publication, or libel, and malice is presumed; the company is a foreign corporation; a man proven to be its agent, changed and controlled the publication, and promised to pay for it when he got funds of the company, regretting that he had no funds at the time; the jury found a verdict for $1,500.00; the court below refused to interfere with it, and the question is, shall this court control the discretion with which the law invests the presiding judge in a case like this? A corporation may publish a libel. This is a libelous publication.

Did this corporation authorize its publication? The jury say so, and the evidence authorized them so to say. Did the publication refer to this plaintiff? The jury say so, and again the evidence authorizes the verdict. We cannot, therefore, say that the verdict is against the law or the evidence; and we therefore affirm the judgment of the court below overruling the motion for a new trial.

There were some minor questions made by the record, but we do not think that any error was committed, either in the charge, or in respect to the testimony, which would require us to send the case back.

Judgment affirmed.