2625.   JACKSON *v.* ATLANTIC COAST LINE RAILROAD
COMPANY.

The allegations of the petition failing to show a cause of action, under the decisions in the cases of *Behre* v. *National Cash Register Co.,* 100 *Ga.* 214 (27 S. E. 986, 62 Am. St. R. 320), and *Southern Railway Co.* v. *Chambers,* 126 *Ga.* 408 (55 S. E. 37, 7 L. R. A. (N. S.) 926), the court properly sustained the general demurrer and dismissed the suit.

DECIDED JANUARY 17, 1911.

Action for slander; from city court of Savannah—Judge Freeman. March 30, 1910.

Jackson sued the Atlantic Coast Line Railroad Company, alleging, in substance, as follows: On or about March 1, 1909, he was employed by the defendant in doing piece work as a car repairer. He was paid a certain price for each piece of work done on or about the cars whenever such work became necessary. His work for the defendant was done in a suitable, proper, and workmanlike manner, and there should have been no complaint or objection as to his work. He was called upon to repair a box car, in a manner specifically described in the petition. He did this work, and a duly authorized inspector of the defendant, whose duty it was to inspect, write up, and credit him with the work he had done, duly inspected this work, wrote it up to his credit, and reported it to the higher officials of the defendant, whereupon it became the duty of the company to pay him for the work. After this work had been performed, a foreman of the company required him to go with him to inspect the work, and when they got there, the master mechanic of the company was present, he being the officer who had general supervision, with power and authority from the company to act in the premises. The master mechanic asked petitioner what work he had done on the car, and petitioner told him. Thereupon the master mechanic said to him, "You know you did not put this in. This is an old bushing." Petitioner then repeated his statement that he had put the bushing upon the coupler. Subsequently the foreman, acting under directions given him by the master mechanic, informed petitioner that he was discharged, saying, "You did not put in that bushing. You did not do the work. In other words, you are discharged for stealing." This statement of the foreman was not true, and the foreman, in telling him that he was discharged for stealing, thereby accused him of the offense of larceny, or of cheating and swindling, which is an ignominious offense and punishable under the laws of Georgia by fine and imprisonment, and imputed to him a crime involving moral turpitude. Petitioner alleges that being thus accused of crime and thus discharged from the employment of the company, the company inflicted a gross tort upon him, in discharging him from employment for a supposed crime which he did not commit, thereby inflicting upon him great mental suffering, humiliation and mortification, and tending to subject him to public contempt, and ridicule among his friends and associates. The language above set out was used to him by the foreman in the presence

of some of his friends, companions, and associates, who heard the statement made by the foreman, and in the minds and opinions of his friends, companions, and associates he has been held up to ridicule, hatred, and contempt. He "therefore sues for the tort which has been done him in his wrongful discharge, for the great mental pain, suffering, and anguish consequent upon the false accusation made against him as a reason therefor, for the humiliation and mortification he has suffered, for the hatred, ridicule, and contempt which he has been made to undergo on account of the tortious conduct of the said defendant company; by reason of all of which petitioner has been endamaged in the sum of $1,999."

A general demurrer and several grounds of a special demurrer to the petition were sustained, and the plaintiff excepted.

*Oliver & Oliver,* for plaintiff.

*P. W. Meldrim, Shelby Myrick,* for defendant.

HILL, C. J. (After stating the case.) The general demurrer was based on the ground that the allegations of the petition, considered as a whole, made the action one for slander, and as the petition did not contain any allegation that the defendant corporation expressly ordered and directed the officer to use the very words which he did use, no cause of action was set forth; and this was the construction which the court placed upon the petition, in his order sustaining the demurrer. The tort for which damages are asked was the wrongful discharge of the plaintiff, and the defamatory language used as a reason for such discharge. The petition is defective in failing to show a wrongful discharge of the plaintiff from his employment by the defendant. The contract of employment is not set out, nor the terms of employment, and these things constitute the basis of an action for a wrongful discharge and are necessary to a determination of the question as to whether the discharge was wrongful. The only damages that can be recovered as a result of a wrongful discharge are such damages as flow from a breach of the contract of employment, and a suit to recover damages for a wrongful discharge necessarily depends upon the contract and the breach thereof, and any tort complained of must be caused by the breach of the contract. Whenever an employer is wrongfully discharged, he has an election of one of three remedies, viz.: (1) to wait until the expiration of the time for which he was employed and then sue for the whole amount; or (2) to bring a quantum meruit

32

for the time in which he worked under his contract; or (3) to bring his action for damages at once for a breach of contract. *Rogers* v. *Parham,* 8 *Ga.* 191; *Britt* v. *Hays,* 21 *Ga.* 157. Unless the contract of employment is for some definite time, the servant has no right of action on being discharged. Nor has he a right of action where he is discharged under the terms of the contract. If employed for a definite time, his right of action is dependent upon the wrongfulness of his discharge. 26 Cyc. 997. The petition in the present case is not to recover damages for a breach of contract, for none of the elements of such an action, and which are necessary to be shown before a recovery can be had, are set out in the petition. The cases relied upon by learned counsel for plaintiff are all actions for breach of contract, and none of them seem to be applicable to the allegations of the petition now under consideration. The plaintiff says that the defendant inflicted upon him "a gross tort" in discharging him from employment for a supposed crime which he did not commit. This is not tantamount to an allegation of a wrongful breach of any contract. He further says that the defendant thereby inflicted upon him great mental suffering, humiliation, and mortification; that it tended to subject him to public contempt and ridicule among his friends and associates; that the circumstances surrounding his discharge were aggravated, and that the defendant is responsible to him in punitive and exemplary damages to recompense him for the gross tort inflicted upon him.

After giving to the allegations of the petition a most careful consideration, we are clear that the action is one for damages resulting from defamatory words in charging that the plaintiff had been guilty of stealing from the defendant in connection with his work. Such being the case, it is fully controlled by the decisions of the Supreme Court in *Behre* v. *National Cash Register Co.,* and *Southern Railway Co.* v. *Chambers,* supra, where it is declared that "a corporation is not liable for damages resulting from speaking false, malicious, and defamatory words by one of its agents, even where in uttering such words the speaker was acting for the benefit of the corporation and within the scope of his agency, unless it affirmatively appears that the agent was directed or authorized by the corporation to speak the words in question." As the petition failed to allege that the agent who used the defamatory language complained of was expressly authorized by the defendant to use

such language, the defendant corporation was not liable; for the slanderous language was the voluntary and tortious act of the speaker, and not of the defendant corporation; and the court did not err in sustaining the general demurrer and dismissing the petition. Entertaining this view of the case, it is not necessary to consider the ruling of the court on the special demurrer.

*Judgment affirmed.*