### 11115.   HEADLEY *v.* MAXWELL MOTOR SALES CORPORATION.

BROYLES, C. J. 1. "A corporation is not liable for damages resulting from the speaking of false, malicious, or defamatory words by one of its agents, even where in uttering such words the speaker was acting for the benefit of the corporation and within the scope of the duties of his agency, unless it affirmatively appears that the agent was expressly directed or authorized by the corporation to speak the words in question." *Behre* v. *National Cash Register Co.,* 100 *Ga.* 213 (1) (27 S. E. 986); *Ozborn* v. *Woolworth,* 106 *Ga.* 459 (32 S. E. 581); *Southern Ry. Co.* v. *Chambers,* 126 *Ga.* 408 (4) (55 S. E. 37, 7 L. R. A. (N. S.) 926); *Jackson* v. *Atlantic Coast Line R. Co.,* 8 *Ga. App.* 495 (69 S. E. 919).

(a) This principle of law has been so often reaffirmed by the Supreme Court that it is considered useless to grant the request of counsel for the plaintiff in error that the above-named cases be submitted to the Supreme Court for review if this court should consider them controlling in the instant case.

2. Under the above ruling, and the pleadings in the instant case, the court did not err in sustaining the special demurrer to the petition, or, the plaintiff having refused to amend the petition to meet this demurrer, in thereafter dismissing the plaintiff's case on motion of the defendant; since, with the elimination of that paragraph of the petition which was attacked by the special demurrer, the petition did not show a cause of action.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
> DECIDED MARCH 3, 1920.

Action of slander; from Fulton superior court—Judge Pendleton. November 11, 1919.

Application for certiorari was denied by the Supreme Court.

*Winfield Payne Jones,* for plaintiff.

*Anderson, Rountree & Crenshaw,* for defendant.