23250. NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY v. HILDERBRAND.

SUTTON, J. 1. Where a petition against a master alleges that the plaintiff, a servant, was injured while walking on a platform at the freight depot of the master, a railroad company, the same being the place at which the plaintiff was performing his work, by reason of a bolt negligently placed on the platform by a fellow servant, the presence of which was known to the defendant, or by the exercise of ordinary care should have been known, and that the plaintiff did not know of the presence of such bolt on the platform and could not have known thereof by the exercise of ordinary care, in that such bolt was on the other side of a pair of trucks of the defendant and hidden from his view, and plaintiff could not have ascertained the presence thereof, the same was not subject to be dismissed on demurrer on the ground that it did not expressly allege that the plaintiff did not have equal means with the master of knowing of the danger which caused the injury. *Lawrenceville Oil Mill v. Walton*, 143 *Ga.* 259; *L. & N. R. Co.* v. *Dobbs*, 38 *Ga. App.* 239; *Terry Ship Building Co.* v. *Griffian*, 153 *Ga.* 390, 394; *Moody* v. *Hardeman*, 44 *Ga. App.* 676.

2. The duty of a master to use ordinary care to keep his premises in such a manner that his servants may perform their duties in safety is but a phase of the broader and more anciently recognized doctrine of the common law, that every person who expressly or impliedly invites another to come upon his premises is bound to use ordinary care to protect the

invited persons from injury. *Seaboard Air-Line Ry. Co.* v. *Chapman, 4 Ga. App.* 706 (2) ; *W. & A. R. Co.* v. *Hetzel, 38 Ga. App.* 564.

3. While a servant is bound to observe open and obvious dangers such as would be disclosed by the exercise of ordinary care, he has the right to assume that his master has performed the duty of furnishing him with a safe place to work, and is under no obligation to inspect the same in order to discover latent defects not open to ordinary observation. A danger arising from an unsafe place is not included among the risks assumed by the servant. *King Mfg. Co.* v. *Walton*, 1 *Ga. App.* 403 (3) ; *Southern Cotton Oil Co.* v. *Horton, 22 Ga. App.* 155 (1 c).

4. Whether the plaintiff has the same opportunity as the defendant of knowing of the presence of such a bolt would depend upon whether its presence on the platform where the plaintiff worked is latent or patent. Where its presence is plainly apparent to the eye, the servant has the same opportunity of seeing it and knowing of it as the master. But if its presence is hidden, the master would be bound to discover the fact sooner than the servant, because the duty of inspection rests upon the master and not upon the servant. Where the presence of the defect in the premises is latent, the master is held to a higher standard of conduct than the servant, since the master owes to the servant the duty of inspection. *Cochrell* v. *Langley Mfg. Co.*, 5 *Ga. App.* 317 (3) ; *Rountree* v. *S. A. L. Ry. Co.*, 31 *Ga. App.* 231, 238.

5. Applying the foregoing rulings to the facts of this case as set forth in the petition, the court below did not err in overruling the demurrer to the petition.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 20, 1933.

*Tye, Thomson & Tye,* for plaintiff in error.
*Carpenter & Ellis,* contra.