24252. POWELL et al., receivers, v. SHURLING.

GUERRY, J. 1. "The duty of a master to use ordinary care to keep his premises and to conduct his business in such manner that his servants may perform their duties in safety is but a phase of the broader and more anciently recognized doctrine of the common law, that every person who expressly or impliedly invites another to come upon his premises or to use his instrumentalities is bound to use ordinary care to protect the invited person from injury." *Seaboard Air-Line Ry.* v. *Chapman,* 4 *Ga. App.* 706 (62 S. E. 488); *Western & Atlantic R.* v. *Hetzel,* 38 *Ga. App.* 556 (144 S. E. 506); *N., C. & St. L. Ry.* v. *Hilderbrand,* 48 *Ga. App.* 140 (172 S. E. 87).

2. "The general rule of law declaring the duty of a master in regard to furnishing a servant a safe place to work is usually applied to a permanent place, or one which is quasi permanent. It does not apply to such places as are constantly shifting and being transformed as a direct result of the servant's labor, and where the work in its progress necessarily changes the character for safety of the place in which it is performed, as it progresses." *Holland* v. *Durham Coal & Coke Co.,* 131 *Ga.* 715 (63 S. E. 290). When a servant engages in making a place that is known to be dangerous safe, or in a work that in its progress necessarily changes the character for safety of the place in which it is performed as the work progresses, the hazard of the dangerous place and the increased hazard of the place made dangerous by the work are the ordinary and known dangers of the work of such a place, and by an acceptance of the employment the servant necessarily assumes them. *Finlayson* v. *Utica Milling Co.,* 67 Fed. 507.

3. In the present case the petition is, when construed most strongly against the pleader, subject to the general demurrer filed by the defendant. It appears that the defect that caused the injury was caused by the labor being directly performed about the work of the plaintiff, and that by the exercise of ordinary care he could have avoided the consequences of the defendant's alleged negligence.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED APRIL 8, 1935.

*Anderson, Cann & Dunn,* for plaintiffs in error.
*Ernest J. Haar,* contra.