31926. COLONIAL STORES INC. *v.* COKER.

Decided May 6, 1948. Rehearing denied June 1, 1948.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Harry S. Baxter*, for plaintiff in error.

*Reuben A. Garland*, contra.

GARDNER, J. ■ So far as the general grounds are concerned, the evidence, though conflicting, was sufficient to sustain the verdict, and since this court has held, and we think correctly so, that the petition set out a cause of action, the jury were authorized to find, under the issues made by the petition and the defendant's answer that the allegations of the plaintiff's petition were supported by the plaintiff's evidence. Counsel for the defendant have much to say in their argument that the decision in this case when it was here before on the overruling of the demurrer, and the principles laid down in the decisions cited in this case when it was here before, are ambiguous and confusing and do not lay down a correct principle of law. We think they do, and we will not go further into them here. The general grounds are without merit.

■ Special grounds 1 and 2: As it will be observed, these grounds assign error because the court did not charge the legal definition and essential elements of slander. As was set forth in this case when it was here before, it was plainly determined that the action was not one for slander, although it may involve elements of slander, but that it was based on the tortious misconduct of the defendant's employees to an invitee in the defendant's store. We have studied the evidence carefully in the light of the charge, which we have also studied carefully, and the court charged the law as applicable to the allegations of the petition and the evidence of both the plaintiff and the defendant on the issues made by the pleadings. There was no request to charge more specifically on any point in the case. This not being an action for slander, we are not quite sure that it would not have been reversible error for the court to have charged as contended by the defendant. These grounds are without merit.

■ Special grounds 3 and 8: As to special ground 3, when we look at the charge as a whole, the court did instruct the jury with reference to conditional privilege as contained in the Code, § 105-709. This ground is without merit. The assignments of error under special ground 8 are, in effect, the same as in special ground 3. Special ground 8 is without merit.

■ Special grounds 4 and 7: Special ground 4 is to the effect that the court did not charge that the plaintiff would not be entitled to recover in the event the jury found that any damage or injury suffered by the plaintiff resulted solely from her own negligence. We will deal with special ground 4 and special ground 7 together.

Special ground 7 assigns error on an excerpt from the charge of the court, attacking it because it is contended that the latter part thereof to the effect that it is the duty of the plaintiff to exercise ordinary care to avoid the consequences of another's conduct or breach of duty does not arise until the injured party knew or in the exercise of ordinary care should have known or it is apparent or by the exercise of ordinary care should have been apparent. It is contended that this excerpt from the charge is true as an abstract principle of law in cases where the last clear chance is involved under the pleadings and the evidence, but that the excerpt in this ground is not applicable to the issues made by the pleadings and the evidence in this case. Counsel quote at length from the evidence and in effect contend that the plaintiff was negligent in entering the defendant's store without having taken the precaution to have wrapped, checked, or concealed the can of dry milk which she had purchased at the A. & P. Store. The jury were authorized to find from the plaintiff's evidence that she had the can of milk in her own handbag and the handbag across one arm and had the articles which she had purchased in the defendant's store in her other hand and that the defendant's cashier reached over into her handbag and extracted therefrom the can of milk. Then it was, according to the plaintiff's evidence, that she was accused of obtaining the milk from the defendant's store rather than from the A. & P. Store. The court defined ordinary care and stated that both the plaintiff and the defendant were equally bound to exercise such care. Then it was in the excerpt that the court gave in charge the latter portion of the excerpt. In view of the fact that the court had previously specifically called the jury's attention to the contention of each party on the issues made by the pleadings and thereafter charged the jury to the effect that if both parties were equally negligent, the plaintiff could not recover, or if the plaintiff's negligence was greater than the negligence

of the defendant the plaintiff would not be entitled to recover. Counsel relies upon the case of *Southern Railway Co.* v. *Garland,* 75 *Ga. App.* 98 (41 S. E. 2d, 925) to support his contention that, under the facts of this case the court should have specifically charged that if the negligence of the plaintiff was the sole proximate cause of her alleged injury she could not recover. It would have been more perfect, we think, to have charged as the defendant contends, but in view of all of the facts of this case and the charge as a whole, we do not think the assignments of error on this ground show cause for a reversal. The record and the facts in *Southern Railway Co.* v. *Garland,* supra, are quite different from those of the instant case. There is no merit in special grounds 4 and 7.

█ We have quoted special ground 5, which is an excerpt from the charge of the court. The court charged "it will be observed that the plaintiff contends these things." The assignment of error here is that it constitutes an opinion of the court; it was misleading to the jury, and it justified an assumption by the jury that the treatment accorded the plaintiff was abusive as a matter of law and that the question of whether or not it was abusive was not a disputed issue for their determination. These are the exact allegations for which the plaintiff contends in her petition for damages and as heretofore stated, she produced evidence to sustain such contentions although the defendant introduced evidence to the contrary. The excerpt from the charge is not subject to the criticism made, as we view it, from any angle of the case.

█ Special ground 6 assigns error on an excerpt from the charge of the court as hereinbefore set out verbatim. This excerpt is to the effect that the defendant owed to its customers a duty to exercise ordinary care to protect them against tortious misconduct on the part of its employees while the customers were invitees legally in the store. The error assigned upon this excerpt is to the effect that it is erroneous and unsound as an abstract principle of law. In this we can not agree. It was but an enunciation and application of the law to the evidence introduced in this trial as determined by this court when the case was here before. As heretofore stated, we see no benefit that

could now come in discussing it further. There is no merit in this ground.

■ Special ground 9, which we have set out verbatim hereinbefore, complains that the court used the word "physical" as applied to pain and suffering, whereas there was no physical injury set forth in the petition. The petition does allege that as a result of the tortious misconduct, the plaintiff suffered mentally and physically. We do not think this assignment of error requires a reversal.

■ Special ground 10 assigns error because the court did not expressly charge the jury in this case the rules of law pertaining to actions for damages resulting from mental and emotional disturbances where no actual physical injury accompanied such emotional disturbances. In view of what we have said as to special ground 9, failure to charge as contended in this ground is without merit. And we also think it is not meritorious because it is argumentative.

■ These are all of the grounds of the amended motion. The brief of counsel for the defendant contains 43 pages. The grounds of the amended motion are not dealt with in their numerical order. While we make no criticism as to what form is adopted in the brief and argument of counsel, we have endeavored to follow the assignments of error as they appear in the record. Counsel in division 4 of their brief dealt generally with the proposition that the verdict in this case is excessive. As we understand the law as to excessive verdicts, a verdict will not be set aside as excessive by this court unless it manifestly appears from the record that it was a result of prejudice, bias or gross mistake. *Holtsinger* v. *Scarbrough*, 71 *Ga. App.* 318 (2) (30 S. E. 2d, 835), and citations. The defendant cites cases to show that this verdict should be set aside because it is excessive. Those cases are: *Central of Georgia Ry. Co.* v. *Tribble*, 25 *Ga. App.* 775 (105 S. E. 251); *Western & Atlantic R. Co.* v. *Young*, 83 *Ga.* 512 (10 S. E. 197); *Ransone* v. *Christian*, 49 *Ga.* 491; *Georgia Southern & Fla. Ry. Co.* v. *Ransom*, 8 *Ga. App.* 277 (68 S. E. 943); *Southern Ry. Co.* v. *Womack*, 22 *Ga. App.* 294 (95 S. E. 1007). The facts in those cases, to our minds, clearly differentiate them from the facts in the instant case. It must also be kept in mind here that the court charged the principle of law with reference

to the apportionment of damages. Under this principle, the jury might have considered that the plaintiff was somewhat negligent but the defendant more negligent, and have apportioned the damages accordingly. We could not say as a matter of law that even a larger recovery under the facts of this case would have been excessive. The plaintiff was 72 years of age and according to the allegations of her petition and to our way of thinking, if her petition and her evidence to sustain it are true, and this was a jury question, she suffered mental anguish and as a result thereof her physical being was impaired and tortured. The jury were authorized to return the verdict, the trial court approved it, and under the law we have no authority to reverse it because of the "grossly excessive verdict."

(b) The remaining 30 pages of the defendant's brief are devoted exclusively to the proposition that the principle of law as announced by this court when this case was here before should be clarified; that the rule as therein stated is highly ambiguous and subject to a variety of interpretations and should be clarified for the benefit of the attorneys and trial judges. The historical treatment of the question by able counsel for the defendant is indeed interesting, and many interesting questions are discussed and questions presented, but still we are of the opinion that the principles of law as applied in the instant case from its inception are sound and announce no different principle of law which is contrary to the many authorities and decisions and Code sections as set forth in the brief of Counsel for the defendant. Of course, if we are wrong, we may be corrected by the writ of certiorari to the Supreme Court, for many of their decisions are cited also, as well as many Code sections. We are not inviting a certiorari, but what we mean to say is that we have followed the law as we interpret it to be, and we do not think that it is ambiguous.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*