## 37527. McKOWN *v.* GREAT ATLANTIC & PACIFIC TEA COMPANY *et al.*

DECIDED FEBRUARY 16, 1959.

*McCord & Cooper, William H. Cooper, Jr.,* for plaintiff in error.

*Bryan, Carter, Ansley & Smith, W. Colquitt Carter, John S. Langford, Jr.,* contra.

NICHOLS, Judge. The plaintiff's petition, omitting formal parts, alleged the following with reference to the transaction out of which the case sub judice arose: "That on or about November 4, 1957, petitioner purchased some groceries from defendant corporation store at 200 N. Church Street, East Point, Georgia. That upon completion of shopping for said groceries, petitioner requested a pen from defendant, Mrs. Yawn, an agent and servant of defendant corporation, who was a cashier in said

corporation's said store for the purpose of writing a check to pay for the said groceries. That said Mrs. Yawn directed petitioner to go to the office in the said store, and use the pen there. That the pen in the office was without ink, and upon being informed of that fact, the said defendant referred petitioner to the coffee counter in said store, at which place petitioner found a pen. That thereupon petitioner proceeded to the said office where space was available to write a check, which petitioner did. That when petitioner had finished writing the said check, another lady, the name of whom is not known to petitioner, was standing by petitioner, and asked for the pen. Petitioner thereupon handed the pen to the said lady, walked to the checker, checked out her groceries, paid for them and departed. That during the entire transaction, defendant Mrs. Yawn watched and waited for petitioner to find the pen, and write the check. That on or about November 5, 1957, defendant Mrs. Edna Griffin Yawn, agent and servant of defendant corporation, came to the place of employment of petitioner, to wit: The dental office of Dr. L. M. Hewitt at 757 Virginia Avenue, Hapeville, Georgia, and stated that the defendant Steele had jumped on her for petitioner's taking the pen and had sent defendant Mrs. Yawn to ask petitioner if she had put the pen in her bag. That at the said time and place, the said slanderous accusation and remarks were made in the waiting room of the said dental office, and in the presence of a large number of patients of petitioner's employer. That said slanderous accusation and remarks were humiliating and most embarrassing to petitioner, and made her very nervous and upset, necessitating her being treated by her physician, D. James Hughs, M.D. That said accusation is and was at the said time and place untrue. That the defendant J. G. Steele is and was at the said time manager of the said defendant corporation's store, and as such was agent and servant of said defendant corporation, and acting within the scope and authority of his employment and engaged in the prosecution of his master's business, and as such had the authority to send and direct defendant Mrs. Yawn to the place of employment of petitioner. That as such manager, servant and agent of defendant corporation, said defendant Steele was acting within the scope and authority and

was prosecuting his master's business when he directed defendant Mrs. Yawn to utter said slanderous accusations and false remarks. That the defendant Mrs. Yawn uttered said remarks which constituted slander in the presence of others, and that said remarks accused petitioner of stealing said pen, removing it from the store, and by innuendo, and insinuation, of secreting the pen in her bag. That such accusation constitutes slander per se." The plaintiff sought to recover in the first count of her petition for slander, and in the second count for an invasion of privacy.

■ " 'A corporation is not liable for damages resulting from the speaking of false, malicious, or defamatory words by one of its agents, even where in uttering such words the speaker was acting for the benefit of the corporation and within the scope of the duties of his agency, unless it affirmatively appears that the agent was expressly directed or authorized by the corporation to speak the words in question.' *Behre* v. *National Cash Register Co.*, 100 *Ga.* 213 (27 S. E. 986, 62 Am. St. Rep. 320); *Ozborn* v. *Woolworth*, 106 *Ga.* 459 (32 S. E. 581); *Southern Ry. Co.* v. *Chambers*, 126 *Ga.* 404 (2) (55 S. E. 37, 7 L.R.A. (NS) 926); *Ivins* v. *L. & N. R. Co.*, 37 *Ga. App.* 684 (141 S. E. 423); *Sinclair Refining Co.* v. *Meek*, 62 *Ga. App.* 850 (10 S. E. 2d 76); *Jackson* v. *Atlantic Coast Line R. Co.*, 8 *Ga. App.* 495 (69 S. E. 919)." *Cochran* v. *Sears, Roebuck & Co.*, 72 *Ga. App.* 458, 460 (34 S. E. 2d 296). Since the petition fails to allege express authority from the corporation to either the manager or the cashier to utter the words attributed to them, the petition fails to set forth a cause of action against the corporation for slander.

■ The only allegation of the petition as to "slander" by the defendant Steele, the store manager, was the statement attributed by the petition to the defendant Mrs. Yawn as follows: "Defendant Mrs. Edna Griffin Yawn . . . came to the place of employment of petitioner . . . and stated that the defendant Steele had jumped on her for petitioner's taking the pen. . ." The allegations do not show that such "jumping on" was done in the presence of anyone other than Mrs. Yawn, the cashier in the store managed by Steele, and in the absence of any allegations to the contrary it must be assumed that such jump-

ing on was done while the defendant Steele, as manager of the store, was investigating the loss of a pen, for while the petition alleges that the plaintiff did not take the pen, it does not allege that the pen in question was not misplaced or removed from its normal resting place. Under the decision in the cases of *Shehan* v. *Keen*, 26 *Ga. App.* 339 (106 S. E. 190) ; and *Cochran* v. *Sears, Roebuck & Co.*, supra, at page 461, it must be presumed that the communication from Steele to Yawn was privileged, not a publication, and such question could be raised by general demurrer.

Moreover, an allegation: that A said that B said . . . is an allegation of what A said but is not an allegation of what B said.

Accordingly, the petition failed to set forth a cause of action against the defendant Steele.

■ The allegations of slander contained in the petition as to the defendant Mrs. Yawn were as follows: "That . . . defendant Mrs. Edna Griffin Yawn . . . came to the place of employment of petitioner . . . and stated that the defendant Steele had jumped on her for petitioner's taking the pen and had sent defendant Mrs. Yawn to ask petitioner if she had put the pen in her bag."

The contention that the allegations did not show a slander is without merit in view of the other allegations in the petition, to wit: "That said remarks accused petitioner of stealing said pen, removing it from the store, and by innuendo, and insinuation, of secreting the pen in her bag." See *Park* v. *Piedmont &c. Ins. Co.*, 51 *Ga.* 510; *Williams* v. *Equitable Credit Co.*, 33 *Ga. App.* 441 (126 S. E. 855) ; and *Kaplan* v. *Edmondson*, 68 *Ga. App.* 151, 154 (22 S. E. 2d 343). Accordingly, the trial court erred in sustaining the general demurrer of the defendant Mrs. Yawn to count 1 of the petition.

■ In count 2 of the plaintiff's petition recovery is sought because the plaintiff's privacy was allegedly invaded by the incident shown above.

Under the decision of the Supreme Court in *Gouldman-Taber Pontiac, Inc.* v. *Zerbst*, 213 *Ga.* 682 (100 S. E. 2d 881), the plaintiff would be bound to expect the defendant corporation, its store manager and cashier to attempt to discover the whereabouts

of the pen where, shortly after it was loaned to the plaintiff, it was discovered missing from its normal resting place. The allegations of the petition do not show that the corporation or its manager *authorized* any more than an inquiry, and while the defendant Mrs. Yawn, as shown by the 3rd division of this opinion, allegedly slandered the plaintiff, since all slander cases necessarily involve the right of privacy against slander, the right of privacy is involved but the gist of the action is still slander in such cases and not invasion of privacy. Accordingly, the trial court did not err in sustaining the general demurrers of all the defendants to count 2 of the plaintiff's petition.

*Judgments affirmed in part and reversed in part. Felton, C. J., and Quillian, J., concur.*