40847. WORLD INSURANCE COMPANY v. PEAVY·et al.

DECIDED OCTOBER 8, 1964—REHEARING DENIED
OCTOBER 23, 1964.

Bryan, Carter, Ansley & Smith, W. Colquitt Carter, John S. Langford, Jr., for plaintiff in error.

Nall, Miller, Cadenhead & Dennis, James W. Dorsey, Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., John Marshall, contra.

EBERHARDT, Judge. While it was alleged in the petition that the persons making the allegedly slanderous statements were "duly authorized agents" of the defendant company and that they were "prosecuting and transacting the business of the [company] pursuant to its express direction and authorization and acting within the scope of authority vested in them by the [company] as its direct and authorized agents concerning the subject matter of the slander," it was not alleged that the agents were authorized or directed to speak the very words used in committing the alleged slander.

"A corporation is not liable for damages resulting from the

speaking of false, malicious, or defamatory words by one of its agents, even where in uttering such words the speaker was acting for the benefit of the corporation and within the scope of the duties of his agency, unless it affirmatively appears that the agent was expressly directed or authorized by the corporation to speak the words in question." *Behre v. National Cash Register Co.*, 100 Ga. 213 (1) (27 SE 986, 62 ASR 320). "There is authority for the proposition that a corporation may be held liable for the publication of a libel; but it can not be held responsible for a slander perpetrated by an agent, unless it be affirmatively shown that the corporation, as such, expressly directed the agent to speak the identical words used by him." *Ozborn v. Woolworth*, 106 Ga. 459, 460 (32 SE 581). "[A]s the petition did not contain any allegation that the defendant corporation expressly ordered and directed the officer to use the very words which he did use, no cause of action was set forth. . . ." *Jackson v. Atlantic C. L. R. Co.*, 8 Ga. App. 495, 497 (69 SE 919). Accord: *Headley v. Maxwell Motor Sales Corp.*, 25 Ga. App. 26 (1) (102 SE 374); *Russell v. Dailey's, Inc.*, 58 Ga. App. 641 (199 SE 665); *Sinclair Refining Co. v. Meek*, 62 Ga. App. 850 (1) (10 SE2d 76); *Southern Grocery Stores, Inc. v. Keys*, 70 Ga. App. 473 (1) (28 SE2d 581); *Cochran v. Sears, Roebuck & Co.*, 72 Ga. App. 458 (1) (34 SE2d 296); *Woolf v. Colonial Stores, Inc.*, 76 Ga. App. 565 (2) (46 SE2d 620); *McKown v. Great A. & P. Tea Co.*, 99 Ga. App. 120 (1) (107 SE2d 883).

The allegation that the corporation and its agents conspired to slander the plaintiff, pursuant to which it was done, does not alter the rule as to the liability of the corporation. The existence of a conspiracy can not change the standard by which the corporation is to be held for slander, for conspiracy is not the cause of action.

This rule may seem harsh, but without it the corporate defendant would often have no defense to an action for an unauthorized, even unforeseen and rash act of the agent. If, in the light of present day concepts, it is too harsh, the amelioration of the rule lies only in the province of the Supreme Court, for, as has been seen, it stems from *Behre v. National Cash Register Co.*, 100 Ga. 213, supra, by which we are bound.

The general demurrer should have been sustained.

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*