## 40680.    ABNER v. W. T. GRANT COMPANY.

DECIDED OCTOBER 16, 1964.

*Gower, Llorens & Henritze, Walter M. Henritze, Jr.,* for plaintiff in error.

*Smith, Ringel, Martin, Ansley & Carr, H. A. Stephens, Jr.,* contra.

BELL, Presiding Judge.  1.  There is some basic disagreement

among the several judges of this court on the question whether an invitee, after departing the invitor's premises, ceases to be an invitee sufficiently to relieve the employer from liability to the customer for slander occurring by the employee's use of insulting and opprobrious words tending to humiliate and mortify the customer or wound his feelings. See *Zayre of Atlanta, Inc. v. Sharpton,* 110 Ga. App. 587 (139 SE2d 339), *Greenfield v. Colonial Stores, Inc.,* 110 Ga. App. 572 ( SE2d ), and the special concurrences of Judges Jordan and Eberhardt. However, this difference in view is not involved in this case. It is completely immaterial here whether the words or the actions of the defendant's agent occurred within or without the premises of the defendant, for they are in combination insufficient as a matter of law to constitute an actionable tort whatever their situs.

From the factual summary it is to be seen that the agent merely asked the plaintiff "Did you buy anything in this store . . . what about that bag in your hand?" The word "buy" imports purchase and sale and there is nothing insulting or opprobrious about that. The action of opening the pocketbook and offering it for inspection was purely voluntary on plaintiff's part. By plaintiff's admission the agent did not say another word after that. Under this status of affairs, there was no violation of plaintiff's legal rights and thus no tort. See *Code* § 105-101 and *Davis v. Johnson,* 92 Ga. App. 858 (90 SE2d 426).

2. The plaintiff in her brief contends that her action is based on the common law tort of false imprisonment.

In *Code* § 105-901, *false imprisonment* is defined as the "unlawful detention of the person of another, for any length of time, whereby he is deprived of his personal liberty." The only essential elements necessary to create liability are the detention and its unlawfulness. *Waters v. National Woolen Mills,* 142 Ga. 133 (82 SE 535); *Conoly v. Imperial Tobacco Co.,* 63 Ga. App. 880 (12 SE2d 398). Malice and want of probable cause need not be shown. *Westberry v. Clanton,* 136 Ga. 795 (72 SE 238); *Vlass v. McCrary,* 60 Ga. App. 744 (5 SE2d 63).

"The restraint constituting a false imprisonment may arise out of words, acts, gestures or the like, which induce a reasonable apprehension that force will be used if plaintiff does not

submit; and it is sufficient if they operate upon the will of the person threatened, and result in a reasonable fear of personal difficulty or personal injuries." *Sinclair Refining Co. v. Meek*, 62 Ga. App. 850, 854 (10 SE2d 76). "A person need not make an effort to escape or to await application of open force (and possibly suffer physical injury) before he can recover . . . [but] there must be actual physical restraint whether by force or fear." *Id.*, 852-854.

Here the plaintiff's own testimony refutes the strong allegations of her petition by showing: (1) that there was in fact no detention of her person; and (2) that the words, acts, gestures or the like of the defendant's agent did not induce any reasonable apprehension on her part that he would use force to effect a confinement upon her. Thus plaintiff has negated effectively her charge that she was falsely imprisoned.

Since plaintiff's testimony has eliminated from this case every genuine issue as to any material fact, the trial court properly granted the defendant's motion for summary judgment. *Scales v. Peevy*, 103 Ga. App. 42, 46-47 (2) (118 SE2d 193); *General Gas Corp. v. Carn*, 103 Ga. App. 542, 545 (1) (120 SE2d 156).

*Judgment affirmed. Jordan, J., concurs. Eberhardt, J., concurs specially.*

EBERHARDT, Judge, concurring specially. I am in full accord with the result reached in this case. For the reasons stated in my special concurrence in *Zayre of Atlanta, Inc. v. Sharpton*, ante, I think we are in a hopeless position of conflict in our decisions (following those of the Supreme Court) holding that a corporation cannot be held for a slander uttered by one of its agents, though in the interest of the employer and in the course of the performance of his duties, unless the slander be commanded or ratified, and others (also following those of the Supreme Court) in which we hold a corporate employer liable for "tortious misconduct" of an employee which amounts to slander, without reference to whether it was commanded or ratified. We avoid the conflict now only because it is concluded that the words spoken did not, even by innuendo, amount to an accusation of theft.

I may say that if liability for the "tortious misconduct" by

an employee is to rest upon the *invitee relationship* it must follow that there can be no liability for that kind of conduct committed after the relationship has ended. It is hard to conceive of a situation in which it does not end when the customer has voluntarily left the premises.