## 46983. BELL v. THIOKOL CHEMICAL CORPORATION et al.

QUILLIAN, Judge. The appellant filed a claim against Dr. C. Miles Smith and Thiokol Chemical Corp. for damages resulting from certain alleged slanderous statements allegedly made by Smith while an employee of Thiokol.

Thiokol filed a motion for summary judgment which was granted. An appeal was filed and the case is here for review. *Held:*

1. "A corporation is not liable for damages resulting from the speaking of false, malicious or defamatory words by

one of its agents, even where in uttering such words the speaker was acting for the benefit of the corporation and within the scope of the duties of his agency, unless it affirmatively appears that the agent was expressly 'directed or authorized by the corporation to speak the words in question." *Behre v. National Cash Register Co.,* 100 Ga. 213 (27 SE 986, 62 ASR 320). The petition alleged that Thiokol through its agent, Erskine Hawkins, authorized and directed Smith to make the alleged slanderous statements. Thiokol in support of its motion for a summary judgment filed an affidavit of Hawkins which stated: that he was Smith's supervisor; that in his capacity with Thiokol he never directed or authorized Smith to make the alleged slanderous statements.

The appellant produced no evidence or affidavits to rebut the above facts stated in Hawkins' affidavit. The defendant, Thiokol, having rebutted the allegations of the petition that it directed or authorized Smith to make the alleged slanderous statements, the burden then fell on the appellant to produce evidence or affidavits which would present an issue of fact as to this issue. The appellant having failed to do so, the granting of the summary judgment was not error.

2. The appellant contends that there was evidence that Hawkins, Thiokol's agent, knew that Smith was making the slanderous statements but failed to instruct him to stop and therefore it would be liable because there was a conspiracy between Thiokol and its agents to slander him. This contention is without merit. In *World Ins. Co. v. Peavy,* 110 Ga. App. 527, 528 (139 SE2d 155), it was held: "The allegation that the corporation and its agents conspired to slander the plaintiff, pursuant to which it was done, does not alter the rule as to the liability of the corporation. The existence of a conspiracy can not change the standard by which the corporation is to be held for slander, for conspiracy is not the cause of action. This rule may seem harsh, but without it the corporate defendant would often have no defense to an action for an

unauthorized, even unforeseen and rash act of the agent. If, in the light of present day concepts, it is too harsh, the amelioration of the rule lies only in the province of the Supreme Court, for, as has been seen, it stems from *Behre v. National Cash Register Co.,* 100 Ga. 213, supra, by which we are bound."

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*
ARGUED MARCH 2, 1972—DECIDED APRIL 4, 1972—
REHEARING DENIED APRIL 28, 1972—

*Bell, Cory & Desiderio, Charles F. Cory,* for appellant.
*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, Stuart E. Eizenstat,* for appellees.