## 48345. WHITE v. CUDAHY COMPANY, INC.

EBERHARDT, Presiding Judge. Barbara White filed her complaint for slander against her former employer, Cudahy Company, Inc., alleging that authorized agents and servants of the defendant corporation falsely and maliciously stated that she had stolen money from it. The defendant corporation, subsequent to the taking of plaintiff's deposition, filed its motion for summary judgment, attaching the affidavit of Ralph Smedley, plant controller and plaintiff's former supervisor, in which he stated that he had discussed with plaintiff her failure to follow established office procedure in handling funds in her custody, that he did not accuse her of stealing money from the corporation, that he was never authorized nor directed by the corporation to accuse her of stealing the money, that he did not authorize anyone to accuse her of stealing the money, and that he had made no statements derogatory of her to anyone. Also attached was the affidavit of Charles Muehlbauer, who stated that he was the assistant corporate controller of the corporation and Smedley's immediate supervisor, that he did not authorize,

direct or suggest that Smedley accuse plaintiff of stealing money or make derogatory statements about her, that the corporation did not authorize, direct or suggest that Smedley accuse her of stealing or make derogatory statements about her, and if any such statement or statements of like tenor were made, they were purely of Smedley's own initiative and without any direction or authorization of the corporation.

Plaintiff responded to the motion by adding another count to the complaint, alleging, inter alia, that "the corporation failed to exercise due care to protect its employees from the tortious misconduct of its fellow employees and management acting within the scope of and about their master's business."

The trial court granted defendant's motion for summary judgment, and plaintiff appeals. *Held:*

1. "A corporation is not liable for damages resulting from the speaking of false, malicious, or defamatory words by one of its agents, even where in uttering such words the speaker was acting for the benefit of the corporation and within the scope of the duties of his agency, unless it affirmatively appears that the agent was expressly directed or authorized by the corporation to speak the words in question." *Behre v. National Cash Register Co.,* 100 Ga. 213 (1) (27 SE 986). Accord: *Headley v. Maxwell Motor Sales Corp.,* 25 Ga. App. 26 (102 SE 374); *Russell v. Dailey's Inc.,* 58 Ga. App. 641 (199 SE 665); *Sinclair Refining Co. v. Meek,* 62 Ga. App. 850 (10 SE2d 76); *Woolf v. Colonial Stores, Inc.,* 76 Ga. App. 565 (46 SE2d 620); *McKown v. Great A. & P. Tea Co.,* 99 Ga. App. 120 (107 SE2d 883); *Herring v. Pepsi Cola Bottling Co.,* 113 Ga. App. 680 (149 SE2d 370); *Bell v. Thiokol Chemical Corp.,* 126 Ga. App. 167 (190 SE2d 150); *Molton v. Commercial Credit Corp.,* 127 Ga. App. 390 (193 SE2d 629).

Plaintiff here produced no evidence or affidavit to rebut the facts stated in Smedley's and Muehlbauer's affidavits to the effect that the corporation did not authorize or direct anyone to make the alleged slanderous statements, and no question of fact is presented as to this issue. Accordingly the trial court did not err in granting summary judgment as to the slander count of the complaint. *Bell v. Thiokol Chemical Corp.,* 126 Ga. App. 167, supra. The fact that plaintiff was discharged from her employment because of the alleged slander and that the corporation failed to repudiate it or to reinstate plaintiff in her employment does not create an issue of fact as to ratification by the corporation of the slander. *Ivins v. Louisville & Nashville R.*

*Co.,* 37 Ga. App. 684 (4) (141 SE 423).

While plaintiff testified by deposition concerning rumors which had come to her from other employees at the plant relative to her termination from service, indicating that she had been terminated for taking funds, this furnished no sufficient basis for charging the defendant with slander or the publication of the slander. "[T]he allegation that the reports were generally circulated in the county [were not] sufficient to charge the defendant with publishing them." *Beck v. Oden,* 64 Ga. App. 407, 412 (13 SE2d 468). "[A]n allegation that A said that B said . . . is an allegation of what A said but is not an allegation of what B said." *McKown v. Great A. & P. Tea Co.,* 99 Ga. App. 120, supra. It is pure hearsay.

2. Plaintiff, by the "tortious misconduct" amendment to the complaint, seeks to bring herself within *Cole v. Atlanta & W. P. R. Co.,* 102 Ga. 474 (31 SE 107), *Southern R. Co. v. Chambers,* 126 Ga. 404 (55 SE 37), and the line of authority stemming therefrom, the so-called "tortious misconduct" cases, exemplified by *Lemaster v. Millers,* 33 Ga. App. 451 (126 SE 875), *Hazelrigs v. High Co.,* 49 Ga. App. 866 (176 SE 814), *Sims v. Miller's, Inc.,* 50 Ga. App. 640 (179 SE 423), *Southern Grocery Stores v. Keys,* 70 Ga. App. 473 (28 SE2d 581), *Colonial Stores v. Coker,* 74 Ga. App. 264 (39 SE2d 429), *Simpson v. Jacobs Pharmacy Co.,* 76 Ga. App. 232 (45 SE2d 678), *Woolf v. Colonial Stores,* 76 Ga. App. 565, 568, supra (concurring opinion), *Colonial Stores v. Coker,* 77 Ga. App. 227 (48 SE2d 150), *Colonial Stores v. Sasser,* 79 Ga. App. 604 (54 SE2d 719) and *Zayre of Atlanta v. Sharpton,* 110 Ga. App. 587 (139 SE2d 339).

The difficulty of reconciling this line of cases from that stemming from *Behre,* supra, has previously been noted. See the concurring opinions in *Brown v. Colonial Stores,* 110 Ga. App. 154, 160 (138 SE2d 62), *Zayre of Atlanta v. Sharpton,* 110 Ga. App. 587, 591, supra, and *Abner v. W. T. Grant Co.,* 110 Ga. App. 592, 595 (139 SE2d 408). See also Dossett v. New York Mining & Mfg. Co., 451 S.W.2d 843 (Ky.); 50 AmJur2d, Libel and Slander, § 328.

Be that as it may, plaintiff contends that there is no less of a duty owed to an employee than the duty owed to an invitee as expounded in the "tortious misconduct" cases, supra. There are, of course, statements analogizing the duty owed a servant to the duty owed an invitee. See *Holman v. American Auto. Ins. Co.,* 201 Ga. 454, 459-460 (39 SE2d 850); *Seaboard Air Line R. v. Chapman,* 4 Ga. App. 706 (2) (62 SE 488); *Brown v. Rome Machine*

& *Foundry Co.,* 5 Ga. App. 142 (2d) (62 SE 720); *Western & A. R. v. Hetzel,* 38 Ga. App. 556, 564 (144 SE 506); *Nashville, Chattanooga & St. Louis R. v. Hilderbrand,* 48 Ga. App. 140 (2) (172 SE 87); *Powell v. Shurling,* 51 Ga. App. 67 (1) (179 SE 653); *Williamson v. Kidd,* 65 Ga. App. 285 (15 SE2d 801).

However, the *Behre* rule, rather than the "tortious misconduct" rule, has been applied in master-servant cases where the employee sues the corporate employer for *oral* defamation. *Jackson v. Atlantic C. L. R. Co.,* 8 Ga. App. 495 (69 SE 919); *Ivins v. Louisville & N. R. Co.,* 37 Ga. App. 684, supra; *Cochran v. Sears, Roebuck & Co.,* 72 Ga. App. 458 (34 SE2d 296); *Braden v. Baugham,* 74 Ga. App. 802 (41 SE2d 581); *World Ins. Co. v. Peavy,* 110 Ga. App. 527 (139 SE2d 155). The result may be different where the corporate employer *libels* the employee. *The Howe Machine Co. v. Souder,* 58 Ga. 64. There thus seems to be no doubt that an action against a corporation for oral defamation will lie only where the plaintiff is a business invitee of the defendant corporation which owes a "public duty" to its invitees. *Southern R. Co. v. Chambers,* 126 Ga. 404, supra; *Sinclair Refining Co. v. Meek,* 62 Ga. App. 850, supra; *Zayre of Atlanta, Inc. v. Sharpton,* 110 Ga. App. 587, supra; *Herring v. Pepsi Cola Bottling Co.,* 113 Ga. App. 680, supra.

To hold otherwise would render the employer both helpless and defenseless in making an investigation of shortages of funds in the employee's account if the matter is discussed with him and the discussion can be interpreted as an accusation that he has taken funds. How could banks, which must check the windows of every teller daily, or merchants who must check the cash registers of their cashiers, or salesmen who collect from customers on their routes, etc. operate and continue in business if they are to be cut off from the privileged interrogation relative to such matters?

The trial court did not err in granting summary judgment.

*Judgment affirmed. Bell, C. J., Hall, P. J., Quillian, Clark and Stolz, JJ., concur. Pannell, Deen, and Evans, JJ., dissent.*

ARGUED JUNE 28, 1973 — DECIDED OCTOBER 24, 1973.

*Ray Gary, Robert E. Bach, Mary Brock Kerr,* for appellant.

*Heyman & Sizemore, William H. Major, Gerald M. Edenfield,* for appellee.

PANNELL, Judge, dissenting. The plaintiff's petition alleged she

had been injured and damaged by the defendant and that "the said damages arose by authorized agents of defendants falsely and maliciously saying that plaintiff stole money from Cudahy Company, Inc., on February 16, 1971, and subsequent." Assuming for the sake of argument, that the statement of law pronounced in Division 1 of the majority opinion is correct, this allegation was sufficient to set forth a claim for slander against the defendant corporation. And upon the trial of the case the plaintiff would have to show that some agent or servant of the defendant was authorized by the corporation to make such defamatory statements. But we are not here upon a trial, but determining an appeal from the grant of a motion for summary judgment in behalf of the defendant. The defendant, therefore, in order to pierce the pleadings, must show by uncontradicted and unimpeached evidence that no agent or servant of the defendant was so authorized, or that they made no such statements. The plaintiff's deposition, taken by the defendant for the purpose of discovery, failed to show plaintiff was present when any such statements were made in the presence of others. Her deposition also failed to prove that any agent was authorized to make such statements. Her testimony did, however, show that she claimed a named employee had told her a named person, one of the supervisors in her department, stated to the employee that plaintiff was fired for taking money. While this was hearsay and does not prove plaintiff's case, that burden is not upon her on the defendant's motion for summary judgment. I merely mention this to show there is a probability evidence is available to show at least a publication of such defamatory statement by an employee of defendant and plaintiff's testimony does not *disprove her case,* or show it *incapable of proof.* Neither did the affidavits of Charles F. Muehlbauer, Assistant Corporate Controller of the defendant company, and the affidavit of Ralph A. Smedley, of the defendant company. The affidavit of Mr. Muehlbauer showed that he was Mr. Smedley's immediate supervisor, and his affidavit in material part, thereafter, is as follows: "I can state without hesitation that *I did not authorize, direct or in any way suggest that Ralph A. Smedley make any statements derogatory of or accuse Mrs. Barbara White of stealing.* I can further state that Cudahy Company did not authorize, direct or in any way suggest that Robert Smedley accuse Mrs. White of stealing money from the Company or make any statements derogatory of Mrs. Barbara White, and if any such statements or any of like tenor were made, they were purely of Robert Smedley's own initiative and without any direction or

authorization of Cudahy Company." Even should we assume, for the sake of argument, that this affidavit conclusively shows Smedley was not authorized to make the slanderous statements alleged, Smedley is not the only servant or agent of defendant, nor do the pleadings allege he was the one who made the slanderous statements, upon which the action is based. What about the affiant himself; did he make the alleged slanderous statements, and if so, was he authorized by the corporation to do so? He comes within the ambit of the pleadings but the record here is silent as to his activities in this regard. The pleadings are, therefore, not pierced, and this affidavit demands no finding against the allegations of plaintiff's petition. Further, this affidavit not having pierced the allegations of the petition, plaintiff is not called upon to introduce evidence to the contrary.

The content of Mr. Smedley's affidavit, so far as material is as follows: "In my capacity as Plant Controller at Cudahy Company, Atlanta Plant, I unequivocally state that I was never authorized nor directed by Cudahy Company to accuse Mrs. White of stealing or taking any money from Cudahy Company. *I never accused Mrs. White of stealing money from the company and I never made any statements to anyone that were in any way derogatory of Mrs. White nor did I authorize anyone to accuse Mrs. White of stealing money from the Cudahy Company.* Cudahy Company never directed nor authorized or consented for me, or anyone, to make any statements derogatory of Mrs. Barbara White."

Assuming for the moment that the affidavit of Mr. Smedley is uncontradicted and unimpeached, this affidavit only shows that Mr. Smedley was not authorized to make any defamatory statements, and that he authorized no one to do so. There is no evidence that he was the only officer or agent or servant of the company authorized to authorize someone. In the last sentence of his affidavit he does swear that the company never directed or authorized him "or anyone" to make any statements derogatory to plaintiff. This is the only statement which could conceivably pierce the allegation of plaintiff's petition. In my opinion, this statement "or anyone" is a mere conclusion of the witness as this knowledge that *no one* was authorized, if it ever came to him, had to be hearsay. This is true, even though he states in his affidavit that everything therein is made on his personal knowledge. Under the majority opinion we find ourselves in the position of granting a summary judgment, without benefit of trial, to a defendant based upon such weak and insufficient evidence. For these reasons, I

dissent from the majority opinion.

I am authorized to state that Judges Deen and Evans concur in this dissent.

EVANS, Judge, dissenting. I concur in Judge Pannell's dissent.

Some very bad law has been made in Georgia by court decisions beginning with *Behre v. National Cash Register Company,* 100 Ga. 213 (1) (27 SE 986), in holding that a corporation is not liable for its false and malicious defamatory *spoken* words, unless the agent was *expressly authorized* by the corporation to speak the false, malicious and defamatory words. In other words, if the president of a corporation falsely and maliciously slanders another there is no recourse against the corporation, even though the president was acting in the prosecution of his duties as agent thereof, unless the corporation *expressly authorized the speaking of such words.* That means unless the board of directors met and formally passed a resolution which instructed the president of the corporation to defame that certain individual, the corporation cannot be held liable for his conduct. Why should the corporation be liable for its *written* defamation of another by one of its agents, and not liable for its *spoken* defamation? Why should a corporation be held liable for the conduct of its agent in wrongfully and negligently running a motor vehicle over an individual, with no responsibility for ruining the good name of another person?

All of these decisions so holding should be overruled.