3442. CROUCH & SON *v.* SPOONER *et al.*

1. There was sufficient evidence to authorize the verdict.
2. A plea of total failure of consideration includes within its terms the defense of partial failure of consideration, but the defendant can have no abatement from the purchase-price on account of a partial failure of consideration, unless he furnishes to the jury sufficient data to enable them to estimate with reasonable certainty the amount of the abatement.
3. The court having charged the jury that unless the defendants sustained their plea of total failure of consideration, there should be a verdict for the plaintiff for the full amount sued for, and the jury having returned a verdict in favor of the defendants, the plaintiff will not be allowed to complain that the court did not submit instructions to the jury on the subject of partial failure of consideration.
4. Where the purchase-price of an article is represented by a series of promissory notes, and a plea of failure of consideration is filed, evidence is usually admissible to show that one or more of the series of notes has been paid.
5. Where a note given for the purchase-price of a horse is sued on and the defendant pleads failure of consideration, evidence is admissible to show that the keep of the horse was worth more than the services he was capable of performing.

6. One who had long experience in the handling of horses and who had had under his observation for several months the attempts of a certain stallion to beget colts, was properly allowed, after stating his experience and the results of his observation, to give his opinion that the particular stallion was not a satisfactory and sure breeder.

7. The other errors assigned are without merit.

DECIDED SEPTEMBER 11, 1911.

Complaint; from city court of Miller county—Judge M. C. Edwards presiding.

*Russell & Custer, Bush & Stapleton, W. O. Fleming,* for plaintiffs.

*W. I. Geer,* for defendants.

POWELL, J. The plaintiffs sued on a promissory note. The defendants pleaded that the note sued on was one of a series of notes given for the purchase-price of a stallion; that the plaintiffs had warranted the stallion to be a sure and satisfactory breeder, and that this warranty had failed and the stallion was totally worthless; also that the stallion had been sold only conditionally, and that by a parol agreement the plaintiffs had reserved title until payment of the purchase-money, and that without fault of the defendants the stallion died. In order to eliminate from a further discussion of the case the feature of defense by which the reservation of the title in the plaintiffs and the death of the horse is asserted, it may be here stated that this issue was not submitted to the jury. We presume that the trial judge cut this issue out of the case because of the fact that there was a written contract between the parties which set up stipulations inconsistent with those of the alleged parol agreement. One of these writings (attached as an exhibit to one of the defendants' pleas) asserts a direct sale upon an express warranty. Another writing connected with the contract, as appearing in the evidence, provides that if the defendants will insure the life of the horse in a designated company for the sum of $1,200, the plaintiffs will for that sum, in the event the horse dies, replace it with another of the same kind and value.

1. We think that there was sufficient evidence to sustain the plea of breach of warranty and failure of consideration. It was shown that out of thirty-six consecutive mares served by the stallion in the usual manner, only five became with foal. The condition of the mares as to fertility, the manner in which they were served by the stallion, the method in which the stallion was treated, and a num-

ber of similar matters, were detailed at length to the jury by the witnesses, and we are not in a position to say that the jury erred in finding that the stallion was wholly valueless, at least to the extent that his services were not worth the amount it took to keep him.

2. The plaintiffs contend that the court erred in not submitting to the jury instructions on the subject of partial failure of consideration. It is true that a plea of total failure of consideration includes the defense of partial failure of consideration, and that under such a plea the jury may abate the purchase-price if the evidence fails to make out the defense of total failure of consideration, but this is subject to the proviso that there must be before the jury sufficient data from which they may with reasonable accuracy assess the amount of the diminution.

3. In the present case, we do not think that the exception to the failure of the judge to instruct the jury as to their right to abate the purchase-price on account of partial failure of consideration was hurtful to the plaintiffs, even if it can be said that there was sufficient definite evidence before the jury to allow them to calculate and assess the amount of the abatement of the purchase-price, in the event they found a partial failure of consideration. Upon an examination of the charge of the court we find that the judge did in an abstract way refer to the fact that total failure of consideration includes partial failure of consideration, and that in the case of partial failure of consideration only a commensurate abatement of the purchase-price will be allowed; still when he came to the specific application of the law to the case, he informed the jury that the defendants had assumed the burden of proof, and that unless they made out their plea of total failure of consideration, the verdict should be in favor of the plaintiffs for the full amount sued for. So that if there was any error at all, it was harmful as against the defendants, and not as against the present complainant.

4. One of the grounds of the plaintiffs' motion for new trial complains that the court allowed the defendants to prove that the purchase-price of the horse was represented by a series of three notes, and that one of them had been paid. We think that this evidence was admissible, for if the jury had concluded that there had not been a total failure of consideration, but that there had been a partial failure of consideration to such an extent as that

the $800 paid represented all that would remain due after allowing proper abatement for the partial failure of consideration, then the verdict should have been for the defendants.

5. The plaintiffs, for further objection to the evidence, say that the court erred in allowing a witness to state that $50 per month was a reasonable sum for the keeping of the stallion. This was admissible, in connection with testimony as to the number of mares which he was able to impregnate, to show that the services which the stallion was capable of performing were not worth as much as it cost to keep him, thereby showing that the stallion was of little or no market value.

6. A witness who testified that he had had eighteen years experience in the handling of horses, and that he had had the particular stallion in charge during the three months that it lived after it was sold to the defendants, and who had seen it put to the mares and who had kept up with the results, was allowed, after testifying to these things, to state his opinion that the stallion was not a satisfactory and sure breeder. We think that the evidence was admissible, and that the witness had sufficiently qualified as an expert to be allowed to express an opinion upon the question. Even if this is not true, in view of the fact that the witness gave all the facts upon which he based his opinion, the error would not be sufficiently material to justify a reversal.

7. There are certain other errors assigned in the record, but we do not consider any of them to be meritorious. One of them complains of a minor verbal inaccuracy in the court's statement to the jury as to the nature and effect of the express warranty that was made. Taken in connection with the entire charge, however, this inaccuracy could not have been misleading. The other complaint is that the court failed to instruct the jury as to the undertaking of the defendants to insure the horse, and as to the effect of their failure so to do. There is no evidence that the defendants did not insure the horse. The record is silent as to this. If the judge had submitted to the jury the issue which the defendants sought to raise by their plea that there should be an abatement of the purchase-price because the horse had died, then it would have been his duty to instruct the jury as to the terms of the contract, so far as it related to the death of the horse and to the insuring of it against death. This agreement as to the insuring of the horse was sepa-

rate and independent of the warranty set forth in the other writing which was submitted to the jury as the basis of the defense. The contract did not require the defendants to insure the horse as an interdependent condition of any agreement, except the agreement that they would replace the horse with another in the event it died. Viewing the whole record carefully, we are of the opinion that the case was tried without material error, and that the verdict is fully authorized by the evidence. *Judgment affirmed.*