### 20827. SMITH *et al. v.* FREE.

STEPHENS, J. 1. A partial payment upon the price of goods purchased, with knowledge of a defective condition amounting to a breach of an express warranty, does not amount to a waiver of the breach of warranty, and will not prevent the buyer from pleading a partial failure of consideration. Civil Code (1910), § 4137.

2. On the trial of a suit by a purchaser against the seller, instituted after a return of the property by the purchaser and its acceptance by the seller, in which the purchaser sought to recover the purchase-money paid, upon the ground of a breach of an express warranty in the contract, where the evidence authorized the inference that there was such a breach, and where it appeared from the evidence that, after knowledge of the defect alleged to constitute the breach of warranty, the purchaser made a partial payment on the purchase-price, the court properly refused the defendant's request to charge that if the plaintiff made a partial payment on the unpaid purchase-money after having discovered the alleged defect in the property, he would be precluded from pleading a partial or total failure of consideration. There being an express warranty and a breach thereof, the plaintiff was entitled to recover; and the court did not err in charging the jury as to the right to recover in such a case.

3. The evidence presented no issue respecting any right in the purchaser to rescind the contract, and it was therefore not error for the court to

refuse the defendant's request to charge the law with reference to the duty resting upon a purchaser when undertaking to rescind a contract of sale.

4. The evidence authorized the verdict found for the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 27, 1931.

*Harris & Harris,* for plaintiffs in error. *M. B. Eubanks,* contra.