WHITE *v.* MALONE *et al.*

No. 8716.  JUNE 15, 1932.

*Abraham Ziegler,* for plaintiff.  *Clarke & Clarke,* for defendants.

HILL, J.  Mrs. Amanda White by her next friend, Mrs. Ethel Hestley, brought an equitable petition for injunction, cancellation of deeds, etc., against M. T. Malone, E. O. Thompson, and J. M. George as marshal, alleging that in January, 1930, she was induced by fraud, and on account of her old age and enfeebled physical condition, to execute a warranty deed to E. O. Thompson to described realty; that the deed was without consideration; that she was men-

tally incapacitated to execute the deed; that the deed is null and void; that after securing the deed E. O. Thompson procured from M. T. Malone a loan of $1000, securing the same by a deed to the property in controversy, and that Thompson defaulted in the payment of the interest on the loan. Malone obtained a judgment on the note, execution issued, and the property was being advertised for sale, when plaintiff brought the present action. She amended her petition by alleging other acts of fraud on the part of Thompson in securing the deed to the land; averring that she is in possession of the property, etc. By another amendment she alleges that since the filing of this action she has recovered the use of her mental faculties and is now in position to proceed with the case in her own name; and prays that the name of the next friend, Mrs. Ethel Hestley, be stricken. This amendment was allowed.

Malone filed an answer denying the material allegations of the petition, and averring that he made the loan to Thompson, secured by a deed to the property, relying on the official records as to the title to the land. Malone also filed an ancillary petition reciting that he had obtained a judgment against Thompson, and had levied on the property and was undertaking to sell the same when the plaintiff filed her petition for injunction, etc.; that he has a right under his loan deed to have the property sold and obtain the rents and profits arising from the property; that Mrs. Amanda White is interposing a claim to the land and holding possession thereof fraudulently and illegally upon the ground that she was insane at the time of conveying the property to Thompson; that the value for rent of the property is $35 per month; and that Mrs. White is insolvent and is unable to respond in damages for her alleged claim. He prays that a receiver be appointed to take charge of the property, rent it, and keep up the insurance, for the benefit of the true owner. The court, after hearing evidence, appointed a permanent receiver for the property. To that judgment the plaintiff excepted.

The single exception in the present case is to the appointment of a receiver. The court had enjoined the defendant in error from proceeding with his execution and the sale of the land in controversy. The defendant filed, in addition to his answer to the petition for injunction and cancellation, an ancillary petition in which he alleged that the value of the property per month for rent would amount to $35, but that Mrs. Amanda White, who interposed this

claim, "is insolvent and has no way in answering to your petitioner for damages for her alleged claim;" and prayed for the appointment of a receiver. The defendants' supplemental or ancillary petition does not allege that the property subject to his judgment is in any way inadequate or insufficient to pay off the judgment, or is deteriorating in value from waste or otherwise; neither is there evidence in the record to that effect. In such circumstances it was error to appoint a receiver. This court has recently held, in *Dixon v. Tucker*, 167 *Ga.* 783 (146 S. E. 736), as we have ruled in the first paragraph of the syllabus, supra. In delivering the opinion of the court Mr. Justice Hines said: "The burden was on the plaintiff, before he would be entitled to a receiver, to allege in his petition that the lands conveyed by the defendant to the claimant, and which are still subject to plaintiff's judgment, would not bring at judicial sale an amount sufficient to pay off plaintiff's judgment and expenses of sale. So we are of the opinion that while the petition filed by the plaintiff in aid of his levy establishes a strong equity in his favor, and will, if proved, subject all the land conveyed by the mother to her son, the petition does not make a case for the appointment of a receiver so far as the defendant is concerned."

As stated above, there is no allegation in the ancillary petition of the defendant alleging that the land conveyed to the defendant would not bring at judicial sale an amount sufficient to pay off plaintiff's judgment and expenses of sale; and therefore the court erred in appointing a receiver.

*Judgment reversed. Russell, C. J., Beck, P. J., and Atkinson and Gilbert, JJ., concur.*