## 33879. VINSON v. WILLIAMS PRINTING COMPANY.

DECIDED FEBRUARY 28, 1952.

</div>

*Claude Hambrick, James M. Roberts,* for plaintiff in error.

*J. Corbett Peek Jr.,* contra.

FELTON, J. The plea of lack of consideration was substantially as follows: that on March 9, 1950, the defendant G. R. Vinson entered into a contract with the plaintiff, whereby the

plaintiff was to print 10,000 copies of a book for the contract price of $2550; that, on June 14, 1950, the plaintiff notified the defendant that it desired to terminate the contract, sent the defendant a bill for $1667.64, and refused to complete the printing of the books contracted for; that the defendant did not agree to terminate the contract; that on or about July 27, 1950, the defendant's wife, Mrs. Dora Vinson, assigned a contract to the plaintiff which she had with the Murray Foundation of Lewisburg, Tennessee, for 5000 copies of said book; that the contract price with the foundation was $2500 for the 5000 copies; that the plaintiff delivered the 5000 copies of the book and collected for them; that, after taking the assignment, the plaintiff then demanded that the defendant and his wife execute a promissory note to it for $500 before it would perform the contract; that the note was without consideration because it was given for the performance of a contract which the plaintiff was already obligated to perform; that the defendant admits owing the plaintiff $50 on the contract price, which he refuses to pay because the plaintiff is in possession of 5000 copies of the book to which the defendant is entitled; that the plaintiff refuses to deliver the said 5000 copies unless the defendants pay $450 more than he agreed to pay the plaintiff. The plea was good as against a general demurrer. The contract price for the printing of the 10,000 copies of the book was $2550. The plaintiff received $2500 from the foundation on the assigned contract. Therefore, the plaintiff lacked only $50 of getting the full contract price of $2550, and the contention that the note was given as a consideration on the contract is without merit. The plea alleged that the note was given to induce the plaintiff to perform a contract which it was already obligated to perform. Where a note is given to induce the payee thereof to perform a contract which it is already bound to perform, and which it refuses to perform, using the refusal as a means of morally coercing the makers of the note to execute it, the note is without consideration. *Hall v. Morrison*, 92 *Ga.* 311 (1) (18 S. E. 293). Also see *Davis & Co. v. Morgan*, 117 *Ga.* 504 (1) (43 S. E. 732), and *Johnson v. Hinson*, 188 *Ga.* 639 (2) (4 S. E. 2d, 561). This is not a case where there is a disputed claim and it is adjusted and settled by the parties.

The court erred in sustaining the general demurrer to and in striking the plea of lack of consideration, and in entering a judgment for the plaintiff.

*Judgment reversed. Sutton, C. J., and Worrill, J., concur.*