42194. AMERICAN INTERNATIONAL INDUSTRIES, INC. et al. v. PLUMBERS WOODWORK COMPANY.

PANNELL, Judge. 1. The holding that where a note is given to induce the payee thereof to perform a contract which it is already bound to perform, and which it refuses to perform, using the refusal as a means of morally coercing the makers of the note to execute it, the note is without consideration

and a nudum pactum (*Vinson v. Williams Printing Co.*, 85 Ga. App. 442 (69 SE2d 782)), is limited to cases where the note represents a promise to pay to the payee an amount over and above the original amount agreed to be paid under the contract. *Vinson v. Williams Printing Co.*, supra; *Hall v. Morrison*, 92 Ga. 311 (1) (18 SE 293); *Davis & Co. v. Morgan*, 117 Ga. 504 (1) (43 SE 732).

2. While a plea of total failure of consideration includes a partial failure, and no abatement in the amount sued for can be had unless the amount thereof be shown by the evidence (*Grier v. Enterprise Stone Co.*, 126 Ga. 17 (1) (54 SE 806); *Crouch & Son v. Spooner*, 9 Ga. App. 695 (2) (72 SE 61)), it does not follow that where there is no valid plea of total failure of consideration, the plea of partial failure of consideration must allege the monetary extent of such partial failure as against a general demurrer or motion to strike where it sufficiently alleges the nature of the defect of the merchandise which was the subject matter of the contract. *Ford v. Serenado Mfg. Co.*, 27 Ga. App. 535 (1), 536 (109 SE 415). A general demurrer or motion to strike does not reach a mere defect in certainty or particularity of a plea which states a substantial defense. *Bailey & Carney Buggy Co. v. Guthrie*, 1 Ga. App. 350 (3) (58 SE 103).

3. In the present case, a suit was brought against a corporation and two individuals upon a note for interest and attorney's fees. The defendants pleaded that an oral contract was entered into between the plaintiff and the defendant corporation whereby the plaintiff was to deliver to the defendant corporation a special type of molded plastic toilet seat consisting of a large adult seat and special cover containing a recess therein to accommodate a baby seat ring, and that defendant corporation was to furnish the unpainted baby seat rings to the plaintiff for painting the same color as the large adult seat and cover, and that defendant corporation furnished plaintiff with approximately 2,500 baby seat rings during the months of June, July, and August, 1962, and that during the months of September and October, 1962, plaintiff "made various deliveries and shipments of seats . . . containing unpainted and defective units . . . in which the baby rings were not painted in the same matching color as the adult seat and cover in some of the shipments, and in others, the shipments were delivered without any baby seat ring included at all"; that

plaintiff refused "to complete its prior agreement to paint the baby seat rings in matching colors to complete the units" until the defendant corporation executed the note sued upon with the other defendants as endorsers thereon, and subsequently plaintiff made a series of small and incomplete shipments to defendant corporation, and defendant corporation made a payment of $750 to plaintiff in an effort to get the plaintiff to ship the balance of unpainted baby seat rings and the remainder of unfinished units "heretofore contracted for" to defendant. In the absence of an allegation that the note sued upon was in addition to, or over and above, the original contract price, the plea is insufficient to show that the note is nudum pactum. However, the allegations of the plea are sufficient to show a partial failure of consideration because of non-delivery of some of the units of merchandise covered by the contract and delivery of defective merchandise after the execution and delivery of the note sued upon.

4. Partial payment upon the price of the merchandise purchased under the contract, with knowledge of the defective condition, does not prevent the buyer from pleading a partial failure of consideration. *Smith v. Free,* 43 Ga. App. 685 (1) (159 SE 909).

5. The trial court therefore erred in sustaining the motion to strike the plea and in entering judgment upon the note.

*Judgment reversed. Felton, C. J., and Frankum, J., concur.*

ARGUED SEPTEMBER 8, 1966—DECIDED OCTOBER 6, 1966—
REHEARING DENIED OCTOBER 19, 1966.

*Marvin O'Neal, Jr., Robert Paul Leiter,* for appellants.
*Lipshutz, Macey, Zusmann & Sikes, Robert A. Elsner,* for appellee.