A90A1179. BUFFINGTON et al. v. STEPHENS.
(397 SE2d 495)

CARLEY, Chief Judge.

Appellant-defendants sold to appellee-plaintiff four mares which were represented as then being "in foal." Alleging that the mares had been misrepresented to him as being in foal, appellee subsequently initiated this contract action against appellants. After discovery, appellee moved for partial summary judgment as to the issue of appellants' liability. The trial court granted partial summary judgment in favor of appellee and appellants appeal from that order.

The representation attributed to appellants was not that the mares would deliver foals, but only that the mares were in foal at the time that appellee bought them. Accordingly, the mere fact that none of the mares may have subsequently given birth to a foal is certainly not conclusive as to appellants' liability. Appellee's own bare assertion in his affidavit that the mares were not "in foal" at the time of the sale is a mere conclusion and certainly has no more probative value than appellants' assertion in their opposing affidavit that the mares had been "in foal" at that time. Indeed, appellee's statement would have less probative value. Appellants' assertion, unlike appellee's, was expressed in the form of an opinion based on their personal knowledge that the mares had been in good health and in estrus when they had been bred to a stud of established fertility and that the mares had not thereafter come into estrus again. See *Crouch & Son v. Spooner*, 9 Ga. App. 695, 698 (6) (72 SE 61) (1911). Appellants' expert corroborated that, when such events occur, it would be a "reasonable conclusion" that the mares are then in foal.

Appellee did also produce the affidavit of a veterinarian who had examined two of the mares some six months after the sale and found that they were not *then* in foal. Again, however, merely that two of the mares were not in foal at a specified time is not conclusive as to whether any, some or none of the four mares may not have been in foal some six months previously. Even if appellee's expert had expressed an unqualified opinion that the mares had never been in foal, the grant of summary judgment would nevertheless not be authorized.

"The general rule is 'that a summary judgment can never issue based solely upon opinion evidence.' [Cit.] An exception to the general rule is applicable where a contention of fact is capable of proof only by expert testimony. [Cit.]" *Jain v. Carload Delivery Svc.*, 189 Ga. App. 95, 97 (375 SE2d 99) (1988). Whether or not a mare is or had been in foal is not a factual matter that is capable of proof *only* by expert testimony. See *Crouch & Son v. Spooner*, supra at 698 (6). Accordingly, the affidavit of appellee's expert did not shift to appellants the burden of producing a contrary opinion in order to withstand summary judgment. Even if the evidentiary burden had been shifted, appellants' own opinion that, based on their personal knowledge, the mares were in foal at the time of the sale would be sufficient to preclude the grant of summary judgment, since one need not be a veterinarian to be qualified to testify as to whether a mare is or is not in foal. See *Crouch & Son v. Spooner*, supra at 698 (6).

Moreover, appellee's own expert did not give an unqualified opinion that the mares had never been in foal, but acknowledged that it was equally possible that the mares *had* been in foal but had not delivered due to embryotic absorption. That mares are "susceptible" to embryotic absorption "as a result of many causes" was shown by the affidavit of appellants' expert. That the four mares had been subjected to some of those causes of embryotic absorption after being sold to appellee was otherwise shown by the evidence adduced by appellants in opposition to appellee's motion.

On motion for summary judgment, a trial court is not authorized to resolve issues of credibility, but must construe the evidence most favorably for the non-moving party and most strongly against the movant. When the evidence adduced in the instant case is properly construed, it is quite clear that appellee did not meet his burden of showing that no genuine issue of material fact remains as to appellants' liability for purportedly misrepresenting that the four mares were in foal at the time of the sale. The jury would be authorized to disbelieve appellee's evidence, and, based upon appellants' evidence, find that the mares had been in foal at the time of the sale, but that they had subsequently lost their foals due to embryotic absorption. Accordingly, the grant of partial summary judgment in favor of appellee must be reversed.

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 26, 1990.

*Robert D. Matthews*, for appellants.
*Jerry N. Neal*, for appellee.